IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANCES RENEE PERRY                                                                      PETITIONER
ADC #708998

v.                          CASE NO.: 5:10CV00103-SWW-BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

RECOMMENDED DISPOSITION

I.     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. You may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

1

For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (#2) without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as an unauthorized second or successive petition.

II.     **Background**

On August 17, 2006, Petitioner entered a plea of *nolo contendere* in Jefferson County Circuit Court to four counts of forgery and one count of theft of property. She was sentenced to seventy-two months in the Arkansas Department of Correction on each count, to be served concurrently. On November 20, 2006, Petitioner filed a petition under Arkansas Rule of Criminal Procedure 37 for post-conviction relief with the trial court. Petitioner raised four grounds for relief in her Rule 37 petition: (1) ineffective assistance of counsel; (2) mental incompetency; (3) denial of her right to appeal; and (4) introduction of evidence gleaned pursuant to an unlawful arrest. While Petitioner's Rule 37 motion was pending, she filed a § 2254 petition for writ of habeas corpus with this Court that was dismissed as premature. See *Perry v. Norris*, 5:07-cv-00226 BD (E.D. Ark. filed Sept. 4, 2007). The Circuit Court denied Petitioner's Rule 37 petition on December 12, 2007.[1]

---

[1] It does not appear that Petitioner filed a timely notice of appeal of the trial court's denial of her Rule 37 petition. See Ark. R. App. P. Crim. 2(a)(4) (appeal of denial of Rule 37 post-conviction petition must be filed within thirty days of entry of order of denial).

On February 4, 2008, Petitioner filed another petition for writ of habeas corpus under § 2254. *Perry v. Norris*, No. 5:08cv00059, 2008 WL 2740480 at *1 (E.D. Ark. July 10, 2008). Petitioner raised three grounds for relief: (1) the trial judge gave false information and forged the departure report; (2) two amended judgment and commitment orders are different and signed by different people; and (3) the arrest reports contain inconsistent times. *Id*. Respondent answered, contending that Petitioner's claims were procedurally defaulted and that Petitioner had failed to establish cause for the default. *Id*. Petitioner replied to the response by providing the Court with several supplements to her petition and a response that raised two additional claims for habeas relief. *Id*. On July 10, 2008, the District Court dismissed the petition with prejudice because Petitioner had procedurally defaulted all of her claims. *Id*.

On August 26, 2008, the District Court denied Petitioner's motion for a certificate of appealability. *Perry v. Norris*, No. 5:08cv00027, 2008 WL 4057980 at *1 (Aug. 26, 2008). Petitioner filed a notice of appeal of the Court's order dismissing her habeas case, and on October 14, 2008, the Court of Appeals for the Eighth Circuit entered a judgment dismissing Petitioner's appeal for lack of jurisdiction because the appeal was untimely. *Perry v. Norris*, No. 08-3005 (8th Cir. October 14, 2008)

Petitioner filed her current petition (#2) on April 12, 2010, claiming that the judgment the Jefferson County Circuit Court entered should be reversed or modified because: (1) the prosecutor withheld evidence; (2) the trial court committed "procedural

errors" by not withdrawing her plea; and (3) the prosecutor dismissed three of the forgery charges but added them back before she entered her plea. (#2 at pp. 4-5)

### III.    Second or Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires dismissal of any § 2254 claims that were presented in a prior habeas petition. A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A panel of the court of appeals may authorize the filing of a successive petition "only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007). A § 2254 claim presented in a second or successive petition, which was not presented in a prior petition, must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered
> previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven

whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The district court is without jurisdiction to consider a successive petition until authorized by the court of appeals. *Burton*, 549 U.S. at 153.

Petitioner's current petition challenges the same judgment as her prior petition, but she appears to raise new claims. Petitioner has not sought authorization from the Eighth Circuit Court of Appeals to bring her claims in a successive petition. Her current petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b), and this Court is without jurisdiction to consider the claims until the Eighth Circuit grants Petitioner leave to proceed. See *Burton v. Stewart*, 127 S.Ct. at 796 (concluding a habeas application filed after a previously adjudicated application was a second or successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

IV. **Conclusion**

The Court recommends that the District Court dismiss the Petition for Writ of Habeas Corpus (#2) without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases and deny the Motion for Leave to Proceed *In Forma Pauperis* (#1) as moot.

DATED this 23rd day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE